UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 6:18-CR-26-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DILLON DALTON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting proceedings under Rule 11, *see* DE #65 (Minute Entry), Judge Ingram recommended that the undersigned accept Dillon Dalton's guilty plea and adjudge him guilty of a lesser-included offense of the lone count of the Indictment. *See* DE #66 (Recommended Disposition); *see also* DE #64 (Binding Plea Agreement) (detailing the lesser-included offense). The magistrate judge informed Defendant of his "right to object" to these recommendations and "to secure de novo review from" the undersigned. DE #66, at 3. Judge Ingram imposed a 3-day deadline for any such objection. *See id.* That deadline has passed, and neither Defendant nor the United States has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ADOPTS** DE #66, **ACCEPTS** Dalton's guilty plea, and **ADJUDGES** him guilty of the lesser-included offense of the lone count of the Indictment to which he pleaded.[1] The Court will issue a separate sentencing order.[2]

This the 6th day of February, 2019.

Signed By:
Robert E. Wier
United States District Judge

---

[1] This does not impact the status that the binding plea agreement remains "pending" for the undersigned's "consideration as part of final sentencing." DE #66, at ¶ 5.
[2] At the hearing, Judge Ingram remanded Dalton to custody. *See* DE #65. The Court, thus, need not further address detention, at this time.