UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO.  6:18-CR-26-REW

UNITED STATES OF AMERICA,                                                                                  PLAINTIFF,

V.                               **RECOMMENDED DISPOSITION**

DILLON DALTON,                                                                                      DEFENDANT.

The defendant appeared before the undersigned for a final revocation hearing on charges of violating supervised release.  At the final hearing, the defendant was present and represented by counsel.  He expressed his desire to stipulate to violations 1, and 2, in exchange for the United States moving to dismiss Violation 3.  As a result, the Defendant was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing.  In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment.  Then, in the presence of and with the advice of counsel, he admitted to violating the following conditions as charged in a knowing, intelligent, and voluntary way:

**Violation # 1:**

**Statutorily Mandatory Condition #1:  You must not commit another federal, state or local crime.**

**Statutorily Mandatory Condition #2: You must not unlawfully possess a controlled substance.**

On June 4, 2024, Dalton tested positive during a drug screen for heroin and fentanyl. He admitted to use of the substances multiple times in the preceding month. He signed a positive drug test admission form in which he admitted to this violation conduct.

This is a Grade B violation.

**Violation #2:**

**Statutorily Mandatory Condition #1**: You must not commit another federal, state or local crime.

On October 31, 2024, Dalton was arrested by the Pulaski County Sheriff's Department and charged with Public Intoxication, Controlled Substances. He was convicted of Public Intoxication on February 10, 2025, upon his plea of guilty to the charge.

This is a Grade C Violation.

In exchange for his plea of guilty to violations 1 and 2, the United States has moved to dismiss violation 3. Relative to the penalty, Dalton and his counsel ask for a penalty of 12 months incarceration concurrent to the state sentence he is currently serving. The United States, however, seeks a sentence of two years' incarceration with twelve months of supervision to follow, consecutive to his state sentence. In addition to counsels' requests, the undersigned considers the following:

**NATURE AND CIRCUMSTANCES, HISTORY AND CHARACTERISTICS**

In considering the nature and circumstances of the instant offenses and the Defendant's history and characteristics, the court finds the following relevant.

The Defendant is a 29-year-old male from Pulaski County, Kentucky. He completed high school, then some college before leaving to study to be an electrician. His record reflects some work history in carpentry and HVAC. His history is indicative of poly substance abuse, beginning in his mid-teens. His criminal history category of IV is due to prior convictions for DUI and /or public intoxication, criminal mischief, terroristic threatening and harassing communications, and wanton endangerment. On May 7, 2019, he was sentenced to 48 months of imprisonment to be followed by five years of supervised release upon his plea to distribution of a substance containing

fentanyl. He was released on December 3, 2021, to supervision, and his violation conduct began on May 3, 2022, due to the commission of a crime and use of a controlled substance. His supervision was revoked and he was sentenced to a term of 16 months incarceration with five years of supervision to follow on his first violation of supervised release. He was again released to supervision on October 2, 2023, and entered a three-month inpatient substance abuse program, which he completed on January 1, 2024. The instant violation conduct involving illegal drug use/possession occurred several months later, on June 4, 2024 (violation 1) and October 31, 2024 (violation 2).

## **SENTENCING CONSIDERATIONS**

The defendant has a criminal history category of IV. However, as it pertains to his history and likelihood of committing further violations, his criminal history category underrepresents his past, as he has several violations of law for which no criminal history points were assigned. His criminal history began at the age of 18, when he was convicted of DUI, and continued to 2017 when he was charged with wanton endangerment for firing a weapon in the direction of others. On May 7, 2019, he entered a plea of guilty in this matter to a charge of distribution of fentanyl, resulting in serious bodily injury, based upon conduct that occurred on or about March 24, 2017. He was sentenced to 48 months of incarceration and was released to supervision on December 3, 2021. His violations occurred on or about June 4, 2024, and October 31, 2024.

In fashioning a recommendation, the Court considers the information above. In addition, the Court considers Dalton's own statements, wherein he expressed his sincere desire to overcome his drug addiction, requesting the Court's assistance with that goal. However, to satisfy the considerations of the controlling statute, the undersigned believes that revocation of supervision

with a period of imprisonment with supervision to follow should be imposed. The Court finds nothing to justify a below guidelines sentence, and will recommend a sentence at the high end of the guidelines with a period of incarceration for 18 months, followed by 24 months of supervision. This recommendation is calculated to recommend an outcome that recognizes the seriousness and length of the defendant's criminal history, his prior conviction in this case, the short time he was on release prior to the present violation conduct and the need for the sentence to act as a deterrent to future criminal conduct and protect the public from further crimes that he might be inclined to commit. The Court has considered his request for a lighter sentence, but finds little in his personal or criminal history, or present offense conduct to justify such a result.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission, and therefore has been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1 and 2, and that on the United States' motion Violation 3 should be dismissed;

(2) That his supervision be revoked;

(3) That he should be sentenced to a period of 18 months incarceration with 24 months of supervised release to follow, upon release from incarceration.

(4) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing a knowing, intelligent and voluntary relinquishment of his right of allocution in this action, his supervision should be revoked, and he be sentenced. Absent any waiver being filed as

directed herein, the matter should be scheduled for a final hearing for purposes of allocution and sentencing before the presiding Judge.

Finally, specific objections to this Report and Recommendation must be filed within **FOURTEEN BUSINESS DAYS** from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749B50 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 28, 2025.

Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**