UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:18-CR-26-REW-EBA-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DILLON DALTON, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court following Defendant Dillon Dalton's final revocation hearing on alleged violations of his supervised release. After conducting the hearing, Judge Atkins recommended that the undersigned (upon stipulation) find Dalton guilty of Violation #1 (commission of a state crime, namely, use/possession of heroin and fentanyl) and Violation #2 (commission of a state crime, namely, public intoxication). *See* DE 121 (Recommended Disposition) at 4. Judge Atkins further recommended that the undersigned dismiss charged Violation #3 per the Government's motion, revoke Dalton's supervision, and sentence him to a term of imprisonment of eighteen months plus twenty-four months of supervised release. *See id.* Judge Atkins informed Dalton of his right to object to the recommendation. *See id.* at 5. Dalton waived allocution. *See* DE 122 (Waiver). The prescribed fourteen-day objection period has passed, and neither Dalton nor the Government objected to the Recommended Disposition.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in

1

his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (*quoting* Kensu v. Haigh, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with much disappointment in the course of Dalton's conduct, adopts the recommendation. The instant violations represent yet further breach(es) of the Court's trust. Dalton simply must find the resolve to live within the law or else he will continue to put his liberty at risk. If he wants freedom, he'd better sort compliance; the two go hand in hand. With no objection from any party and on full review of the record and Judge Atkins's thorough and thoughtful treatment, the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 121 and **ADJUDGES** Dalton guilty of charged Violations #1 and #2 (to wit, the referenced state use/possession and public intoxication crimes);

2. The Court **GRANTS** the Government's motion to dismiss charged Violation #3 and accordingly **DISMISSES** Violation #3;

3. The Court **REVOKES** supervision and **SENTENCES** Dalton to a term of imprisonment of eighteen months, to be followed by twenty-four months of supervised release under his prior announced conditions (*see* Judgment, DE 91, the prior revocation judgment). Said time will be consecutive to any state sentence imposed related to the underlying violative conduct; and

4. The Court will enter an appropriate revocation judgment.

This the 19th day of May, 2025.

Signed By:

*Robert E. Wier*

United States District Judge